UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCHMIKA PAGGETT,<br><br>　　　　　　　　　　　Plaintiff,<br>　vs.<br>JO ANNE BARNHART, Commissioner of Social Security Administration,<br><br>　　　　　　　　　　　Defendant. | CASE NO. 06 CV 0029 JM (CAB)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION** |

## BACKGROUND

On January 6, 2006, Plaintiff filed, after exhausting her administrative remedies, the present complaint for judicial review of the denial of Social Security disability benefits pursuant to 42 U.S.C. § 405(g). Plaintiff asks that this court reverse the decision to deny benefits, or in the alternative to remand the matter for a new administrative determination. Plaintiff also seeks costs and fees.

The parties filed cross-motions for summary judgment, which were referred to the Honorable Cathy Ann Bencivengo, United States Magistrate Judge. Pending before the court is the Report and Recommendation ("R&R") of Judge Bencivengo, recommending that this court deny Plaintiff's motion and grant Defendant's motion. Plaintiff filed timely objections to the R&R. After reviewing the R&R and Plaintiff's objections, the court hereby **ADOPTS** the R&R in its entirety as set forth below.

/ / /

/ / /

**DISCUSSION**

The duties of the district court in connection with a magistrate judge's R&R are set forth in the Federal Rules of Civil Procedure Rule 72(b) and 28 U.S.C. § 636. The district court "shall make a de novo determination of those portions of the report . . . to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1); United States v. Raddatz, 447 U.S. 667, 676 (1980); McDonnell Douglas Corp. v. Commodore Business Machines, Inc., 656 F.2d 1309, 1312-13 (9th Cir. 1981). The magistrate's conclusions of law are reviewed de novo, regardless of whether any party has filed objections thereto. See Robbins v. Carey, 481 F.3d 1143, 1146-47 (9th Cir. 2007). "If neither party contests the magistrate's proposed findings of fact, the court may assume their correctness and decide the motion on the applicable law." Orand v. United States, 602 F.2d 207, 208 (9th Cir. 1979).

The court will now conduct a de novo review of those portions of the R&R to which Plaintiff objects. First, Plaintiff contends the R&R incorrectly concluded that Plaintiff was sufficiently notified of her right to hire an attorney to represent her at the hearing. This is because, according to Plaintiff, the notice of hearing and the ALJ merely told Plaintiff she could have a "representative" present, and that Plaintiff, as an individual who suffers from Borderline Intellectual Functioning with an IQ between 71 and 84, could not be expected to understand that a "representative" could also mean "attorney." The R&R concluded that, in the context of a social security appeal, a layman would understand the word "representative" to also mean an attorney. R&R at 7-8. The court concludes that Plaintiff's objection lacks merit. Even if use of the word "representative" did not sufficiently apprise Plaintiff that she could hire an attorney, the hearing transcript shows that the hiring of an attorney was expressly addressed. Tr. 316 (indicating Plaintiff's father, who was representing Plaintiff at the hearing, stated "I want to have attorney to come", to which the ALJ responded "All right."). The fact that hiring an attorney was discussed at the conclusion of the hearing is immaterial. The ALJ recessed the proceedings for two weeks so that Plaintiff could seek out the assistance of an attorney during that time and request a new hearing if desired. Id. Therefore, Plaintiff knew she could hire an attorney (as opposed to a "representative") before the proceedings would be concluded. Plaintiff argues the ALJ's decision to stay proceedings for only two weeks was unreasonable, thereby depriving Plaintiff

1  of a real opportunity to retain counsel.  Plaintiff, however, provides no legal or factual basis for this
2  argument.  For example, there is nothing in the record suggesting that Plaintiff attempted to find an
3  attorney within two weeks but needed more time in which to do so.

4  The second objection pertains to the ALJ's duty to fully develop a factual record.  Higbee v.
5  Sullivan, 975 F.2d 558, 561 (9th Cir. 1992).  Plaintiff objects, relying on Higbee, to the R&R's
6  conclusion that the ALJ's failure to consider the actual reports of Plaintiff's hospitalization at
7  Villaview Hospital, as opposed to relying only on Plaintiff's oral testimony about her hospitalization,
8  was immaterial.  The R&R so concluded on the ground that the Villaview hospitalization "did not
9  appear to have such crucial significance as to necessitate obtaining the records themselves."  R&R at
10 9-10.

11 In Higgbee, the claimant was denied benefits in part because he was not a United States
12 resident.  The claimant, who suffered from paranoid schizophrenia, would not cooperate during
13 administrative proceedings in providing evidence of his home address.  The ALJ concluded that the
14 claimant had failed to establish U.S. residency, and the district court granted summary judgment to
15 the defendant.  On appeal, the Ninth Circuit found that there was insufficient evidence to support
16 whether or not the claimant was a U.S. resident.  See Higgbee, 975 F.2d at 562.  Reversing and
17 remanding for further development of the facts, the Ninth Circuit concluded that "the lack of evidence,
18 coupled with the claimant's mental illness, casts a cloud of doubt . . . on whether the Secretary's
19 decision [to deny benefits] was correct."  Id. (internal quotations and citations omitted).

20 This case is distinguishable from Higgbee, in which there was *no evidence* of whether the
21 claimant resided in the U.S.  By contrast, here substantial evidence supported the ALJ's conclusion
22 that Plaintiff was not disabled.  See R&R at 10-14 (detailing medical evidence in the record supporting
23 ALJ's finding that Plaintiff's condition was non-severe).  Therefore, the failure to examine the actual
24 Villaview records was not a failure to develop the factual record pursuant to Higbee.  This is so
25 especially since the ALJ elicited Plaintiff's testimony as to her hospitalization at Villaview and, unlike
26 in Higbee, there was no indication that Plaintiff was being uncooperative thereto even in light of her
27 mental condition.  Tr. 308-09.
28 / / /

## CONCLUSION

The court **ADOPTS** in whole the conclusions, findings, and recommendations contained in the R&R. Accordingly, Plaintiff's motion for summary judgment is **DENIED** and Defendant's motion for summary judgment is **GRANTED**.

**IT IS SO ORDERED.**

DATED: June 18, 2007

_____
Hon. Jeffrey T. Miller
United States District Judge

cc: Magistrate Judge Bencivengo
All Parties